T.C. Summary Opinion 2016-3

UNITED STATES TAX COURT

HOWARD BERNSTEIN AND LORRAINE F. BRITTO-BERNSTEIN,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17398-14S.                    Filed January 20, 2016.

Howard Bernstein and Lorraine F. Britto-Bernstein, pro sese.

Peter N. Scharff and Gerard Mackey, for respondent.

SUMMARY OPINION

JACOBS, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,722 in petitioners' 2011 Federal income tax. Petitioners timely filed a petition for redetermination in this Court. After concessions,[1] the issues remaining for decision are: (1) whether petitioners are entitled to their claimed deduction for cash charitable contributions of $2,375 claimed on Schedule A, Itemized Deductions, of their joint Form 1040, U.S. Individual Income Tax Return, and (2) whether petitioners are entitled to their deduction for unreimbursed employee expenses of $27,395 also claimed on Schedule A. Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts are stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. At the time petitioners filed their petition, they resided in New York.

Petitioners are husband and wife. In 2011 petitioner husband, a psychologist, was employed by the State of New York and by CHE Senior Psychological Services. Petitioner wife was employed as a consultant by the New

---

[1]At trial respondent conceded that petitioners were entitled to deduct tax preparation fees of $125, and petitioners conceded that they improperly deducted attorney's and accountant's fees totaling $4,975.

York City Health & Hospitals Corp. Petitioners timely filed a joint Form 1040 for 2011 on which they claimed itemized deductions on Schedule A, including deductions for charitable contributions and unreimbursed employee expenses.

I.     Charitable Contributions

During 2011 petitioners made cash donations to various charities and deducted $2,375 on Schedule A. Petitioners documented $126 of these donations. Petitioners also made noncash donations (clothing and accessories, a computer, a record player, and other items) to charities which they valued at $1,149. They did not claim a deduction for these donations. However, during the Internal Revenue Service (IRS) tax examination, petitioners provided the IRS with receipts documenting these noncash donations. Consequently, respondent concedes that petitioners may deduct $1,275 in charitable donations ($126 in cash donations and $1,149 in noncash donations) for 2011. Thus, the amount of the deduction for charitable contributions for 2011 now in dispute is $1,100 ($2,375 - ($1,149 + $126)).[2]

---

[2]At trial petitioners did not assert that they are entitled to an additional charitable contribution deduction for the $1,149 of noncash donations that respondent conceded. We therefore treat respondent's concession as merely reducing the disputed amount of petitioners' charitable contribution deduction.

II.     Unreimbursed Employee Expenses

Petitioner wife's job as a consultant involved preparing statistical analyses with respect to various hospital inpatient facilities.  Petitioners claimed that petitioner wife's performing a "lot" of her statistical analytic work at home required them to purchase computers, statistical programs, printers, paper, and reference books.  Petitioners claimed a deduction of $27,395 with respect to:  (1) the purchase of these items, (2) expenses incurred with regard to petitioner wife's taking an online course in statistics from Penn State University, (3) travel expenses incurred by petitioners in connection with their respective employments, and (4) gifts.  Petitioners did not provide documentation to substantiate these deductions.

Discussion

Generally, the Commissioner's determination set forth in the notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the Commissioner's determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, in certain circumstances the burden of proof with respect to factual matters may shift to the Commissioner.  Sec. 7491(a).  Petitioners did not argue that section 7491(a) applies herein, nor did they show

that they meet its requirements to shift the burden of proof. Consequently, the burden of proof remains with petitioners.

I.      Charitable Contributions

In general, section 170(a) allows a deduction for charitable contributions. Charitable contributions are deductible only if verified as set forth in regulations prescribed by the Secretary. Sec. 170(a)(1); Hewitt v. Commissioner, 109 T.C. 258, 261 (1997), aff'd without published opinion, 166 F.3d 332 (4th Cir. 1998). Section 1.170A-13(a), Income Tax Regs., provides that if a taxpayer makes a charitable contribution of money, he/she must maintain for each contribution one of the following: (i) a canceled check; (ii) a receipt from the donee; or (iii) other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution. With respect to the amount of the charitable contribution deduction in dispute, $1,100, petitioners assert that the entire amount relates to cash donations. Petitioners provided no documentation to substantiate their entitlement to a deduction for all or any part of the disputed amount. Because petitioners failed to meet their burden of proof to show error in respondent's determination, we sustain respondent's disallowance of the $1,100 deduction in dispute.

II.     Unreimbursed Employee Expenses

Taxpayers are generally allowed deductions for ordinary and necessary expenses paid or incurred in carrying on a trade or business during the tax year. Sec. 162(a). The performance of services as an employee constitutes the carrying on of a trade or business for purposes of section 162. Thus, taxpayers may deduct expenses that are ordinary and necessary for their employment, provided the taxpayer was an employee and could not have been (and was not) reimbursed by his/her employer for such expenses. Rehman v. Commissioner, T.C. Memo. 2013-71.

Petitioners provided no documentation regarding their expenses other than copies of their credit card statements. The credit card statements are insufficient to enable us to determine, with any degree of certainty, whether the items purchased were for business or personal use. Consequently, the credit card statements do not substantiate the expenses underlying petitioners' deduction. Without some cogent evidence, any relief granted to petitioners would be unguided largesse. See Williams v. United States, 245 F.2d 559 (5th Cir. 1957); see also sec. 274(d) (requiring heightened substantiation for travel expenses and listed property).

Petitioner husband acknowledged that he and his wife estimated their unreimbursed employee expenses (gifts, travel, and purchases) when they filled out their tax return. He asserts that it would be unreasonable to require petitioners to provide receipts from 2011 given that they had a toddler "running around" in their apartment and that respondent's examination lasted for a long time.

We recognize that petitioners may have encountered difficulties in maintaining records as required by the Code and the regulations. But the law requires that records be maintained. See sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs. Deductions and credits are matters of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on a return. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

In sum, we hold that petitioners failed to meet their burden of proof to show respondent's disallowance of the deduction petitioners claimed for unreimbursed employee expenses to be in error.

To reflect the foregoing and to give effect to the parties' concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.